UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v-

MOSES VALDEZ,

Defendant.

Case No. 1:22-cr-00551 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On June 9, 2023, Moses Valdez ("Valdez") pleaded guilty to three counts of conspiracy to commit wire fraud, 18 U.S.C. § 1349, one count of wire fraud, 18 U.S.C. § 1343, and one count of operation of an unlicensed money transmitting business, 18 U.S.C. § 1960. Dkt. 418. The Court sentenced him on October 22, 2025 to serve one year and one day in prison for each of the five counts, to run concurrently, followed by three years of supervised release, restitution in the amount of $789,218.94, and forfeiture in the amount of $480,000. *Id.*; *see also* Sentencing Transcript ("Tr."). Valdez is scheduled to begin serving his sentence on January 26, 2026. Dkt. 418; Tr. at 47.

Valdez filed a notice of appeal on November 6, 2025, Dkt. 421, and eleven days later filed the present motion for bail pending appeal under 18 U.S.C. § 1343(b). Dkt. 422. In his motion, Valdez represents that the Government opposes the request, Dkt. 422 at 1, but the Government has not filed papers in opposition to the motion. For the following reasons, the Court DENIES Valdez's motion.

## DISCUSSION

### I.    Legal Standard

Under 18 U.S.C. § 3143(b)(1), a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless" the court finds that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released," "the appeal is not for the purpose of delay," and the appeal "raises a substantial question of law or fact likely to result in . . . (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1).  "This statutory guidance 'establishes a presumption in favor of detention.'"  *United States v. Williams*, No. 22-cr-00684 (JLR), 2024 WL 4491492, at *3 (S.D.N.Y. Oct. 15, 2024) (*United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004)). "'[T]he burden of persuasion rests on the defendant' to demonstrate each requirement of the test has been."  *United States v. Menendez*, No. 23-cr-00490, 2025 WL 1212152, at *1 (S.D.N.Y. Apr. 25, 2025) (alteration in original) (quoting *United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985)).

### II.    Analysis

The Court need not address risk of flight, danger to the community, or whether the appeal is filed for purposes of delay because Valdez's appeal does not raise a substantial question of law or fact that, if determined favorably to him on appeal, would likely result in a nonincarceratory sentence or a reduced sentence to a term of imprisonment less than the duration of the expected appeal process.

Valdez claims his appeal raises "a substantial legal question of whether the loss attributable to him under USSG §§ 2B1.1(b) (loss amount guideline) and 1B1.3 (relevant

conduct) consists of all the losses caused by his co-conspirators, about $58 million, or just his own downline, which was less than $1 million." Dkt. 422 at 3. A "substantial question" is a "close question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125 (internal quotations marks omitted) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). For the reasons stated on the record during the sentencing, Tr. at 15-17, the Court calculated the appropriate loss amount for Valdez to be $58 million and does not find that Valdez has raised a sufficiently substantial legal question regarding that calculation for purposes of this motion.

More importantly, though, even if Valdez has raised a substantial legal question that is eventually determined favorably to him on appeal, that decision is not likely to result in a reduced sentence. *See* 18 U.S.C. § 3143(b)(1)(B)(iii)-(iv). The Court calculated Valdez's sentencing guidelines range to be 121 to 151 months in prison, based on a $58 million loss amount. Valdez argued at sentencing that the appropriate loss amount was $1.5 million to $3 million, which would result in a guidelines range of 63 to 78 months in prison. Dkt. 409, PSR at 30; Dkt. 408 at 13. The Court overruled Valdez's objection and proposed guidelines calculation but ultimately departed and varied downward significantly from the 121 to 151 month guidelines range, sentencing Valdez to 12 months and a day in prison on all counts, to run concurrently. *See* Dkt. 418; Tr. at 41. The Court considered the statutory factors and circumstances, as well as Valdez's cooperation, in determining this sentence. Tr. at 37-41.

Importantly, the Court also expressly found during the sentencing that even if the appropriate loss amount were $1.5 million to $3 million as Valdez asserted and the range were 63 to 78 months, the Court would still impose the same sentence based on the sentencing factors. Tr. at 41-42. The year and a day sentence was still a significant downward departure and variance from a range of 63 to 78 months due to his cooperation, but factors such as the

3

seriousness of the offense, the need to impose just punishment, and to protect the public, weighed in favor of the sentence imposed given, among other things, the significant impact and harm that this extensive scheme caused to vulnerable victims. Indeed, Valdez initially argued at sentencing that he was entitled to a two-level reduction under Amendment 821, Dkt. 408 at 13, but then withdrew that request and objection to the guidelines range when he was reminded of a victim in Valdez's downline who tearfully testified at trial that she lost almost her entire life savings, her father lost money such that they were unable to pay for needed cancer treatments, and she begged Valdez for her money back (to no avail). Tr. at 18. Thus, even assuming *arguendo* the Court erred in calculating the loss amount, which it does not believe is the case, the Court's alternative consideration of the guidelines range suggested by Valdez and finding that it would still impose the same sentence, renders any such error harmless. *See, e.g., United States v. Darrah*, 132 F.4th 643, 652 (2d Cir. 2025) (finding that the court's procedural error in applying a five level increase to sentencing guidelines was harmless because the district court found that "that the same sentence would have been imposed regardless of the increase"); *United States v. Coplan*, 703 F.3d 46, 94 (2d Cir. 2012) (finding that even if the district court had erred in calculating the tax loss for the offense, "that error would be harmless because the District Court stated explicitly that it would impose the same sentence regardless of the loss amount"); *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (finding that a district courts' procedural error in applying a two-point enhancement was harmless error because the court "unequivocally stated that it would impose the same 65–year sentence" regardless of the enhancement). As such, relief under 18 U.S.C. § 3143(b) is not appropriate because the appeal does not raise a substantial question of law that is likely to result in any reduction of Valdez's sentence.

Valdez acknowledges that "the Court stated during sentencing that it would impose the same prison term regardless of the loss amount." Dkt. 422 at 3. He argues, however, that "the

error in the loss amount also affected the Probation recommendation which was two years' incarceration and served to anchor the court's approach." *Id.* If the Probation department had properly calculated the guidelines range using the loss amount suggested by Valdez, he argues, the Court would have imposed "a shorter sentence or a non-incarceratory sentence." *Id.* Not so. The Court performed its own independent calculation of the applicable guidelines range, as it must, extensively considered Valdez's objection to the loss amount, calculated the applicable advisory guidelines range, and departed and varied downward to land on an appropriate sentence based on that range, his cooperation, and the sentencing factors in 18 U.S.C. § 3553. The Court then alternatively determined that it would impose the same well-below guidelines sentence even if the guidelines range was calculated using the lower loss amount proposed by Valdez, again based those guidelines, his cooperation, and the relevant sentencing factors. Tr. at 41-42. During its review of the various sentencing factors, at no time did the Court cite to the Probation department's recommendation of two years in prison as "anchor[ing] the [C]ourt's approach" and it did not. See *United States v. Adams*, 399 F. App'x 633, 634 (2d Cir. 2010) (summary order) (rejecting claim of procedural error where district court did not state the guidelines range on the record at sentencing but instead referred to "the Probation Office's recommendation that a 48–month sentence be imposed," because "there is no reason to infer from this reference that the district court improperly anchored its Guidelines calculation or exercise of sentencing discretion in this recommendation").

In support of this argument, Valdez cites only to *United States v. Corsey*, 723 F.3d 366, 375-76 (2d Cir. 2013), for the unremarkable proposition that "even in cases where courts depart or impose a non-Guidelines sentence, the Guidelines range sets an important benchmark against which to measure an appropriate sentence." *Id.* at 375. The *Corsey* court made this statement in the context of explaining that a district court commits procedural error when it fails to calculate

the Guidelines range even when it had already decided to impose a non-Guidelines sentence.  *Id.*

Here, the Court did not neglect to calculate the applicable guidelines range.  It calculated the

range, considered it, and also expressly considered the alternative range suggested by Valdez and

concluded that the appropriate sentence was a concurrent 366-day sentence based on either of

those ranges, Tr. at 17, 41-42, his cooperation, and the relevant sentencing factors.  Therefore,

Valdez has not demonstrated that his appeal raises a substantial legal question that if resolved in

his favor is likely to result in a sentence that does not include a term of imprisonment or that is

likely to result in a term of imprisonment that is less than the expected duration of the appeal

process.

**CONCLUSION**

For the aforementioned reasons, the Court DENIES the motion for bail pending appeal.

The Clerk of the Court is respectfully requested to terminate the motion at Dkt. 422.

Dated:  December 11, 2025
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge